■ NORTH FORK BANK, Appellant, v R & T CORP. OF OW, Defendant, and ROBIN EDER et al., Respondents. [719 NYS2d 265] —In an action to recover on a promissory note and personal guarantees, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated February 23, 1999, as granted the motion of the respondents Robin Eger, individually and as Executrix of the Estate of Thomas Eger, which was, in effect, to vacate her default in answering the complaint and denied that branch of its cross motion which was for leave to enter a default judgment against the respondents Robin Eger, individually and as Executrix of the Estate of Thomas Eger.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the respondents Robin Eger, individually and as Executrix of the Estate of Thomas Eger, is denied, and that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the respondents Robin Eger, individually and as Executrix of the Estate of Thomas Eger, is granted.

The Supreme Court erred in vacating the default of the respondents Robin Eger, individually and as the executrix of her deceased husband's estate in answering the complaint, as she failed to proffer a reasonable excuse for the lengthy default and failed to demonstrate the existence of a meritorious defense (*see, Genen v McElroy,* 213 AD2d 511). The continuing, absolute, and unconditional guarantees executed by Eger and her husband applied to all of the corporate defendant's obligations whether existing at the time the guarantees were signed or incurred thereafter. Thus, the guarantees clearly encompassed the note subsequently executed by the corporate defendant. Whether or not the note represented a renewal of a previously-existing line of credit or a new loan, it did not extinguish the guarantees, which could only be terminated by written notice (*see, Oak Beverages v Ehrlich,* 224 AD2d 403; *USI Capital & Leasing v Chertock,* 172 AD2d 235). Consequently, the plaintiff is entitled to judgment against Eger, individually and as executrix of the estate. Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.